## William A. Springer, Plff. in Err., v. Samuel T. Groom.

Where property is taken from one person in disregard of his claim of ownership, by another person who claims the property as his own property, a formal demand and refusal need not be made before suit will lie.

(Argued October 27, 1887. Decided January 3, 1888.)

October Term, 1887, No. 97, W. D., before Gordon, Ch. J., Paxson, Sterrett, Green, and Williams, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a judgment for the plaintiff in an appeal from a justice of the peace. Affirmed.

This action was brought by S. T. Groom against W. A. Springer to recover the value of ten sheep.

At the trial before Magee, J., Groom, the plaintiff, testified as follows:

"About the 14th of May—it was on the 15th, I believe—he came to my place in the morning and claimed that he had lost

Cited and followed in Clowes v. Hughes Bros. 3 Pa. Super. Ct. Rep. 561, 565.

Note.—Ordinarily there must be a demand and refusal before trover and conversion can be sustained. Taylor v. Hanlon, 103 Pa. 504.

some sheep and asked me if there was any stray sheep in my premises; I told him I didn't know of any, and he said he thought there were. I asked him whereabouts, and he said up in the field where the sheep shed was; I told him to wait and I would go along with him. So we went up and looked at them, and he claimed nine head of them that was in that field and one other sheep in another field. I told him they were my sheep and he said not; he claimed them for his. Well, we walked about there, he claiming them and I claiming them; and finally he asked me if I would swear to them. I told him some of them I would not; some of them I would know by my marks, and one of them, a long tailed sheep, I knew where I had bought that one; that I could prove them positively to be my sheep, and I asked him if he was willing to be qualified to them, and he said he was. I said we will go down to Squire Byers' and if I couldn't swear to them being mine you can keep them." (Springer left and soon afterwards returned with a constable.) "I waited till they come up, and he said he had the documents in his pocket and a man with him to take those sheep. I said very good, and we went up again and looked at the sheep and parleyed around awhile and finally—I don't know much about law—and I let them have the sheep on the ground that he was to give me till the next Tuesday to prove those sheep to be my sheep. I went and got my witnesses that evening and when I got to the Squire's office, I found that the constable had returned the warrant, probably two hours after he had taken the sheep, and marked the case settled. I had nothing to do with it—to have a chance to prove my sheep; and the Squire didn't know what to do in the case. He said he would see about it. He let me know in a few days about it; and he being connected with Mr. Springer's case, he let me take the case to Squire Matchett."

Other facts are stated in the opinion of the supreme court.

The defendant presented the following points:

1. "If the jury believe from the evidence that at the time the sheep and wool in question were claimed by the defendant and given into his possession by the plaintiff, it was agreed between the parties that the plaintiff should have until the following Tuesday to prove that the property in question belonged to him, and that on such proof being made the said property should be delivered back to the plaintiff, such claim of ownership by de-

-fendant, and the taking of said property into his possession, does not constitute a conversion."

*Ans.* "Affirmed, with this qualification: that you find as a fact that Mr. Groom delivered up the property and conceded title in Mr. Springer, unless he would satisfy Mr. Springer of his (Groom's) title to the same. It is not a conversion if Mr. Groom, upon demand, gave up the title to this property, and said: 'If I cannot establish to you and do not establish by a certain day that it is my property, I yield the property to you; I do not set up any claim, unless I can do that.' That would not be a wrongful appropriation of the property of another, because it is an agreed thing that it is to remain with him on that condition. I mean if you find that to be the state of facts in the case. Not that the defendant came there, and, to avoid a controversy with the officer of the law, or in deference to a search warrant and a claim presented, he yielded it up. I do not say that that would not be a conversion in law."     2.

2. "If the jury find from the evidence that it was agreed between the parties that the defendant should take and keep possession of the property in question until the following Tuesday, and that the question of the title was to be settled in the meantime by the production by the plaintiff of proof of ownership, such an arrangement constituted the defendant bailee of the property in dispute, and, in the absence of proof of actual conversion of the property, a demand and refusal must be proved, in order to maintain this action."

*Ans.* "Affirmed; that is, if you find that he put the property into the hands of Mr. Springer as a bailment; then before he would be entitled to bring suit he would have to make demand for the property in conformity to the stipulations and conditions of that bailment."     3.

3. "The plaintiff cannot recover in this action unless proof be made that he made a demand before this suit was brought for the delivery of the sheep and wool in question, and the defendant refused to deliver them. In the absence of such proof your verdict should be for the defendant."

*Ans.* "Refused. I submit the case upon the whole of the facts as to a conversion; if there was a conversion of the property shown by the evidence, aside from a demand, then a formal demand of the property is not necessary."     4.

4. "Under all the evidence in the case the verdict should be for the defendant."

*Ans.* "Refused." 5.

The court charged, *inter alia,* as follows:

"I take it to be the law that where the property is taken from the plaintiff, in disregard of his claim of ownership, by the defendant claiming the property as his own property, in such case a formal demand and refusal need not be made before suit will lie."

"The question to be determined by you is the ownership of the property in dispute. If you find as a fact from the evidence that the property taken, or any part of it, belongs to the plaintiff, your verdict will be for the value of the property wrongfully taken. If you find that the property belongs to the defendant, your verdict will be simply for the defendant." 1.

Verdict and judgment for plaintiff.

The assignments of error specified: (2–5) The answers to defendant's points; and (1) the portion of the charge quoted above.

*S. A. & M. Johnston,* for plaintiff in error.—The case of Finch v. Clarke, 61 N. C. (Phill. L.) 335, is almost identical with this. There the controversy was about a mule left in the possession of defendant, upon agreement to meet within a certain time and settle the question of title. Suit was brought before the time had elapsed, and without demand prior to the suit. It was held that by force of the agreement plaintiff should be held as assenting to the temporary possession of the property by defendant, and an action would not lie for conversion of the property without a fresh demand.

Where any authority is conferred upon a person by contract, to take or dispose of property, he cannot be charged with its conversion for any act done by him in reference thereto while the contract is in force; and what is done is warranted by it. Before a person under such circumstances can be charged for a conversion, his authority must be abrogated. Clark v. Whitaker, 18 Conn. 543, 46 Am. Dec. 337.

*E. Edgar Galbreth* for defendant in error.

Opinion by Mr. Justice Green:

The verdict has established that the sheep in question were the property of Groom, the plaintiff. The only question for us to consider is whether the learned court below was in error in qualifying the answers to the defendant's first and second points, and in refusing the third and fourth points.

We think there was sufficient evidence to justify the qualification of the first and second points; and hence there was no error in the answers. Of course, if the facts were undisputed, or if they were found by the jury as stated in these two points, the legal conclusions of the points were correct. But it was the right of the court, when affirming the points, as it did, to add the explanations or qualifications which appear in the answers if there was evidence to support them. These qualifications were simply a more precise explanation of the facts presented in the points—the very same facts—so as to bring them fully within the comprehension of the jury. There was undoubtedly evidence in the plaintiff's own testimony that he did not absolutely and voluntarily give over the possession of the sheep and wool to the defendant, and agree that the defendant should keep them until the following Tuesday and that in the meantime he, the plaintiff, should prove his title to the sheep.

The learned court only said that if the testimony came up to such a standard, and if such were the real facts, then there was no conversion in the mere taking, and there must be a demand made before suit brought. In this, of course, there was no error. So also in the general charge, when the court said: "I take it to be the law that where the property is taken from the plaintiff, in disregard of his claim of ownership, by the defendant claiming the property as his own property, in such case a formal demand and refusal need not be made before suit will lie." Certainly, there was no error in this. And as to the fact, the defendant himself testified that he took possession of the sheep and wool under a claim of title in himself, that he kept them as his own, that they were always his. The plaintiff testified that he gave them up because he thought he had to, in consequence of there being a writ against him; and that in point of fact he did agree to make proof of his title, but that when he went to the justice with his witnesses for that purpose he found the case was marked "Settled," and he had no opportunity to submit his proof. All this is on the merits; but it shows that there was good rea-

son for the court stating the law on the subject, and how it should be applied to the facts.

The answers to the first and second points being without error and there being conflicting evidence as to just what was agreed to by the plainti?f in regard to the defendant taking possession of the sheep and wool, it follows that the court was right in refusing the third point, and in refusing to take the case from the jury.

Judgment affirmed.